# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEMETRIO SALAS,

    Plaintiff,

vs.                                                                    No. CIV 19-0513 JB/KK

LEA COUNTY CORRECTION
FACILITY and MR. SANTISTEVAN,
GEO WARDEN-HOBBS,

    Defendants.

## MEMORANDUM  OPINION AND ORDER

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil

Procedure on: (i) Plaintiff Demetrio Salas' Complaint, filed June 3, 2019 (Doc. 1)("Complaint");

and (ii) Complaint for Violation of Civil Rights, filed June 24, 2019 (Doc. 7)("Amended

Complaint").  The Court will dismiss the Complaint and Amended Complaint without prejudice

for failure to comply with applicable statutes and Court orders and for failure to prosecute this

case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff  Demetrio Salas is an incarcerated prisoner.  He filed his Amended Complaint for

violation of civil rights, seeking relief under 42 U.S.C. § 1983.  See Amended Complaint at 1.

Salas initially submitted a New Mexico affidavit of indigency and application for free process.

See Application for Free Process and Affidavit of Indigency, filed June 3, 2019 (Doc. 2).

Following the first Order to Cure Deficiency, filed June 6, 2019 (Doc. 5), Salas filed an Application

to Proceed in District Court Without Prepaying Fees or Costs.  See Motion for Leave to Proceed

in Forma Pauperis, filed June 24, 2019 (Doc. 6).  His Application to Proceed did not include,

however, the six-month inmate account statement that 28 U.S.C. § 1915 requires.  The Honorable

Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District

of New Mexico, then issued a second Order to Cure, directing Salas to file his six-month inmate

account statement.  <u>See</u> Second Order to Cure Deficiency, filed June 25, 2019 (Doc. 8).   In

response, Salas submitted his six-month inmate account statement.  <u>See</u> Account Transaction

History, filed July 22, 2019 (Doc. 9).

Following the two Orders to Cure and the Account Transaction History, Magistrate Judge

Khalsa granted the application to proceed in forma pauperis on January 10, 2020.  <u>See</u> Order

Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), and to Make Payments or Show

Cause, filed January 10, 2020 (Doc. 11)("Order Granting Leave to Proceed").  Magistrate Judge

Khalsa also required Salas to make an initial partial payment of $261.45 or show cause why he

should not be required to make the payment within thirty days of entry of the Order.   Order

Granting Leave to Proceed at 1.  Salas' account statement for the six months preceding filing

shows balances as high as $2,151.83.  Account Transaction History at 1-2.  The inmate account

statement shows that Salas had an account balance sufficient to pay the initial partial payment and

that he spends his money on commissary purchases.  <u>See</u> Account Transaction History at 1-2

More than thirty days elapsed after entry of the Order Granting Leave to Proceed, and Salas did

not pay the $261.45 initial partial payment or show cause why he should be relieved of the

obligation to pay.  On March 23, 2020, Magistrate Judge Khalsa entered an Order to Show Cause

directing Salas to show cause why the Court should not dismiss his case for failure to comply with

the Order Granting Leave to Proceed.  <u>See</u> Order to Show Cause, filed March 23, 2020 (Doc. 12).

The Order to Show Cause directed Salas to respond within thirty days.  <u>See</u> Order to Show Cause

at 2.  More than thirty days has elapsed, and Salas, again, has not responded to the Court's March

23, 2020 Order, shown cause, or otherwise communicated with the Court.

## LAW REGARDING 28 U.S.C. § 1915

When a prisoner is granted leave to proceed in forma pauperis, the prisoner must comply

with 28 U.S.C. § 1915's statutory requirements.  Section 1915(b) provides:

> The court <u>shall</u> assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added).  <u>See</u> <u>Shabazz v. Parsons</u>, 127 F.3d 1246, 1248-49 (10th

Cir. 1997).  "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends

his money on amenities at the prison canteen or commissary, he should not be excused for failing

to pay the initial partial filing fee."  <u>Baker v. Suthers</u>, 9 F. App'x 947, 949 (10th Cir.

2001)(unpublished).

## ANALYSIS

Salas was ordered to make the required partial payment under § 1915(b)(1) or show cause

why the payment should be excused, but he has not complied with Magistrate Judge Khalsa's

Orders.  The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with

the Federal Rules of Civil Procedure, or to comply with court orders.  <u>See</u> <u>Olsen v. Mapes</u>, 333

F.3d 1199, 1204 n.3 (10th Cir. 2003).  The Court will dismiss this case without prejudice for non-

compliance with 28 U.S.C. § 1915, with the Court's January 10, 2020 and March 23, 2020 Orders,

and for failure to prosecute this proceeding.  <u>See</u> <u>Olsen v. Mapes</u>, 333 F.3d  at 1204, n.3; <u>Shabazz</u>

<u>v. Parsons</u>, 127 F.3d at 1248-49.

**IT IS ORDERED** that the Plaintiff's Complaint, filed June 3, 2019 (Doc. 1), and

Plaintiff's Amended Complaint, filed June 24, 2019 (Doc. 7), are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Demetrio Salas
Santa Rosa, New Mexico

    *Plaintiff Pro Se*